UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DC3, LLC,

                              Plaintiff,

                                                          DECISION AND ORDER

                                                          10-CV-6084L

          v.

THE TOWN OF GENEVA,
THE TOWN BOARD OF THE TOWN OF GENEVA,
JOHN AND JANE DOES NOS. 1-10,

                              Defendants.
_____

## INTRODUCTION

Plaintiff DC3, LLC ("DC3") brings the instant action, seeking to invalidate Local Law #3 of 2009 (the "Local Law"), passed by the Town of Geneva (the "Town"), which altered the residential zoning classification of certain real property owned by DC3.

DC3 generally claims that in passing the Local Law, the Town failed to comply with a number of procedural requirements and state regulations, and violated DC3's federal and state constitutional rights to equal protection, due process of law and freedom from the taking of private property without just compensation.

On May 22, 2010, the Town moved to dismiss the plaintiff's federal and state constitutional claims pursuant to Fed. R. Civ. Proc. 12(b)(6) (Dkt. #3), on the grounds that plaintiff has failed to state a plausible claim. DC3 cross moved for summary judgment on its state law claims, but did not offer any argument opposing the Town's motion to dismiss DC3's federal and New York State

constitutional claims (Dkt. #7).  For the reasons set forth below, the Town's motion to dismiss (Dkt. #3) is granted, the Court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims, and the complaint is dismissed.

## DISCUSSION

In deciding a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6), the court's review is limited to the complaint, as well as to documents attached to it or incorporated therein by reference. *See Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 662 (2d Cir. 1996).  In weighing the motion, the Court must "accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994), *citing Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987).  However, "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## I.        Plaintiff's Due Process Claim

In order to state a claim for a due process violation, a plaintiff must initially allege that he possesses a cognizable property interest.  "When a landowner alleges that he has been deprived of property in violation of the due process clause by the actions of a state zoning authority, we begin our inquiry by determining whether . . . the applicant has a clear entitlement to the [action] sought from the government official or administrative body." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995) (internal quotations omitted).  "In assessing whether a plaintiff has a 'clear entitlement' . . . [courts] focus primarily on the degree of discretion enjoyed by the issuing authority, not the estimated probability that the authority will act favorably in a particular case."

- 2 -

*Id.* (internal quotations omitted).  Thus, where the alleged property interest involves decision-making by an agency or official that is entirely discretionary, there can be no clear entitlement, because "the opportunity of the local agency to deny [the relief sought by the plaintiff] suffices to defeat the existence of a federally protected property interest."  *Bower Assocs.v. Town of Pleasant Valley*, 2 N.Y.3d 617, 628 (2004), *quoting RRI Realty Corp. v. Village of Southampton,* 870 F.2d 911, 918 (2d Cir. 1989).  *See also Clubside, Inc. v. Valentin*, 468 F.3d 144, 153 (2d Cir. 2006) ("this standard appropriately balances the need for local autonomy, with recognition of constitutional protection at the very outer margins of municipal behavior. . . . It also recognizes that the Due Process Clause does not function as a general overseer of arbitrariness in state and local land-use decisions; in our federal system, that is the province of the state courts"), *quoting Zahra v. Town of Southold*, 48 F.3d 674, 680 (2d Cir. 1995).

In New York, a Town Board possesses virtually unfettered discretion with respect to the assignment of zoning designations for real property within its territorial jurisdiction.  *See generally Frooks v. Town of Cortlandt,* 997 F. Supp. 438, 450 (S.D.N.Y. 1998) (collecting cases), *aff'd*, 182 F.3d 899 (2d Cir. 1999).  Thus, federal courts applying New York law have routinely concluded that due to Town Boards' vast discretion to assign, change or decline to change zoning designations, property owners do not possess a cognizable property interest in the zoning designation of their property.  *See DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 130-131 (2d Cir. 1998); *Ellentuck v. Klein*, 570 F.2d 414, 429 (2d Cir. 1978); *Sag Harbor Port Assocs. v. Village of Sag Harbor*, 21 F. Supp. 2d 179, 183 (E.D.N.Y. 1998), *aff'd*, 182 F.3d 901 (2d Cir. 1999); *Frooks*, 997 F. Supp. 438 at 450.  An exception may exist where a property owner's right to zoning status becomes "vested," typically through "substantial expenditures prior to the enactment of the more restrictive zoning ordinance," however, "[where] there has been no construction or other change to the land itself, a property owner has no right to complete a project permitted under an earlier zoning classification."  *DLC Mgmt.*, 163 F.3d 124 at 130 (internal quotations and citations omitted).

- 3 -

Here, plaintiff makes no factual allegations upon which a finding could be made that its interest in the zoning designation of its property was vested.  Plaintiff does not allege that it engaged or invested in any significant construction or other land development in reliance upon the prior zoning designation.  As such, plaintiff has failed to allege a cognizable interest in the zoning designation of its property, and thus has not alleged a plausible due process claim.

## II.      Plaintiff's Claim of Taking Without Just Compensation

In order to state a federal constitutional claim for taking, the challenged regulation must have the effect of extinguishing "all economically beneficial use" of the subject property.  *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1027-1029 (1992).  Likewise, to state a taking claim under the New York State constitution requires that the economic value of the property be entirely dissolved.  *See Gazza v. New York State Dep't of Envtl. Conservation*, 89 N.Y.2d 603, 618-619 (Ct. App. N.Y.), *cert. den.*, 522 U.S. 813 (1997).  Determination of whether the property has been completely devalued requires analysis of the property as a whole: it "does not divide a single parcel into discrete segments and attempt to determine whether rights in a particular segment have been entirely abrogated."  *Penn Central Transp. Co. v. City of New York*, 438 U.S. 104, 130-131 (1978).

Here, DC3 does not allege that the entire subject property has lost its value or been deprived of all economic use, nor does the re-zoned area's designation for "single-family homes on 33,000 square foot parcels" logically deprive it of economically viability.  I therefore find that DC3 has failed to state a plausible "takings" claim under either federal law or the New York State constitution.

## III.     Plaintiff's Equal Protection Claim

DC3 also alleges a "class-of-one" equal protection claim, based on its contention that the Town's passage of the Local Law was a calculated attempt to "spot-zone" DC3's property and subject it to selective treatment.

- 4 -

In order to state a class-of-one equal protection claim, a landowner must allege: (1) intentional and arbitrary subjection to treatment different from others similarly situated, and (2) that the differential treatment lacks a rational basis, and/or was motivated by ill will.  *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Ruston v. Town Bd. for the Town of Skaneateles*, 610 F.3d 55, 58 (2d Cir. 2010).  Furthermore, the plaintiff must allege and prove that the differential treatment it received resulted from non-discretionary state action.  *See Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 602-603 (2008); *Ruston*, 610 F.3d 55 at 58 n.3.

Initially, the action about which DC3 complains – the Town's adoption of the Local Law – was wholly discretionary.  As discussed above, the Town Board possesses virtually boundless discretion with respect to zoning designations, and thus DC3 cannot plausibly allege that the rezoning of which it complains was non-discretionary.  Moreover, DC3 does not identify any similarly-situated landowners that were treated differently with respect to zoning and land use regulations by the Town.  Accordingly, DC3 has failed to state an equal protection claim, and that claim must be dismissed.

## IV.     Plaintiff's Claims Under the New York State Constitution

New York General Municipal Law §50-i specifies that no action alleging negligence or wrongful acts on the part of a town may be filed unless a notice of claim has first been served upon the town in accordance with N.Y. General Municipal Law §50-e.  *See* N.Y. Gen. Mun. Law §§ 50-e, 50-i.  Section 50-i applies to New York State constitutional claims.  *See Jean v. City of New York,* 2009 U.S. Dist. LEXIS 98239 at *30 (E.D.N.Y 2009); *Crippen v. Town of Hempstead*, 2009 U.S. Dist. LEXIS 24820 at *57 (E.D.N.Y. 2009).  DC3's notice of claim (Dkt. #3-3) does not invoke the New York State constitution, and thus DC3's state constitutional claims are barred.

### V.      Plaintiff's State Law Claims

To the extent that plaintiff's claims concerning irregularities in the passage of the Local Law comprise additional claims arising under the laws of New York State, the Court declines to exercise supplemental jurisdiction over those claims.

The exercise of supplemental jurisdiction is governed by 28 U.S.C. §1367, which states that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . ." 28 U.S.C. §1367(a). Supplemental jurisdiction may be declined, however, where all claims over which the Court had original jurisdiction have been dismissed. 28 U.S.C. §1367(c). The Second Circuit has observed that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003). The relevant factors include judicial economy, convenience, fairness and comity. *Id.* Here, I find that those interests are best served by declining to exercise supplemental jurisdiction.

### CONCLUSION

For the foregoing reasons, I find that plaintiff has failed to state a claim under federal law and/or the New York State constitution upon which relief can be granted, and that there is no basis for this Court to exercise jurisdiction over his remaining state law claims. Accordingly, the Town's

motion to dismiss (Dkt. #3) is granted, and the complaint is dismissed in its entirety.  Plaintiff's

cross motion for summary judgment (Dkt. #7) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 12, 2011.